FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2018 FEB 26  AM 8: 39

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 18cr10044 |
| ) | |
| v. ) | Violation: |
| ) | 42 U.S.C. § 1320d-6 – Wrongful |
| EDUARDO MONTAÑA, ) | Disclosure of Individually Identifiable |
| ) | Health Information |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges that at all times relevant to this Information:

### THE DEFENDANT

1. The defendant **EDUARDO MONTAÑA ("MONTAÑA")** was a resident of Georgia and a pediatric cardiologist licensed to practice medicine in Georgia.

### THE HIPAA STATUTE AND REGULATIONS

2. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*, was enacted, among other things, to limit the circumstances in which patients' confidential medical information ("individually identifiable health information" or "protected health information") could be used, obtained, or disclosed. HIPAA's security and privacy regulations, codified at 45 C.F.R. §§ 160, 164, applied to health care providers, among others, who transmit any health information in electronic form in connection with a transaction covered by the regulations. *See* 45 C.F.R. §§ 160.102(a) and 160.103 (defining "covered entity"). HIPAA's criminal provision, 42 U.S.C. § 1320d-6, prohibited the use, acquisition, or disclosure of protected health information—maintained by a covered entity—without patient authorization, unless such use, acquisition, or disclosure was otherwise permitted by HIPAA and its regulations.

1

3. **MONTAÑA** was a health care provider and a covered entity as defined by HIPAA and its regulations. *See* 42 U.S.C. § 1320d; 45 C.F.R. § 160.103.

## COUNT ONE
## 42 U.S.C. § 1320d-6 (Wrongful Disclosure of Individually Identifiable Health Information)

4. The allegations in paragraphs one through three are herein re-alleged and incorporated in full.

5. In February 2013 and March 2013, in the Northern District of Georgia, the defendant

### EDUARDO MONTAÑA

did knowingly disclose individually identifiable health information maintained by a covered entity to another person, without patient authorization and for a reason other than permitted by HIPAA and its regulations, in violation of 42 U.S.C. § 1320d-6(a) and (b)(1) and 18 U.S.C. § 2, as set forth below.

6. **MONTAÑA's** medical practice maintained his patients' protected health information ("PHI") in an electronic medical records ("EMR") system.

7. In February 2013 and March 2013, **MONTAÑA** disclosed EMR data and prescription forms containing some of his patients' PHI without patient authorization to representatives of Aegerion Pharmaceuticals, Inc. ("Aegerion"), which is based in Cambridge, Massachusetts. **MONTAÑA's** disclosure of his patients' PHI without patient authorization was impermissible under HIPAA and its regulations.

8. For example, on or around March 18, 2013, **MONTAÑA** provided his personal EMR access code to an Aegerion sales representative ("Sales Rep") so that the Sales Rep could remotely access **MONTAÑA's** EMR system to review his patients' PHI without patient authorization. In a text message exchange with the Sales Rep, **MONTAÑA** explained how to

navigate his EMR system. The Sales Rep then proceeded to review some of **MONTAÑA's** patients' PHI without patient authorization. **MONTAÑA's** disclosure of his patients' PHI without patient authorization was impermissible under HIPAA and its regulations.

All in violation of 42 U.S.C. § 1320d-6(a) and (b)(1) and 18 U.S.C. § 2.

ANDREW E. LELLING
United States Attorney

By: _____
Young Paik
Kriss Basil
Assistant U.S. Attorneys

Dated: February 26, 2018